**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MATTHEW DE LACRUZ, #2019060520**                                    **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:20-cv-00320-KHJ-LGI**

**RANKIN COUNTY, SHERIFF
BRYAN BAILEY, JOHN DOES**                                              **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court for a report and recommendation on *Defendant's Rule 12(b)(6) Motion to Dismiss Premised on Plaintiff's Failure to Exhaust Grievance Procedure* [21]. Plaintiff Matthew De LaCruz, a postconviction inmate in the custody of the Mississippi Department of Corrections, brought the instant case *pro se* and *in forma pauperis* using a form available to prisoners for filing complaints for violations of civil rights pursuant to 42 U.S.C. § 1983. Several months have passed, and Plaintiff has not filed a response to Defendant's Motion to Dismiss [21]. Having considered the submissions, the record, and relevant law, the undersigned recommends that the Motion to Dismiss [21] be GRANTED. Plaintiff's Complaint demonstrates that Plaintiff failed to exhaust the administrative grievance procedures at the Rankin County Jail. Plaintiff's claims therefore fail to state a claim upon which relief may be granted. The undersigned recommends dismissal of this action and that such dismissal count as a "strike" under the "three strikes rule" in accordance with the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(g).

I.      **Relevant Procedural History**

Plaintiff filed suit against Rankin County, Mississippi, Sheriff Bryan Bailey, and John Does, Officers at Rankin County Jail, on May 5, 2021. *See* Doc. 1. According to the Court's Order dated September 18, 2020, Plaintiff's initial Complaint also improperly listed other inmates as

Plaintiffs. *See* Doc. 16. The Court ordered that Rankin County, Mississippi and Sheriff Bryan Bailey be served with process, and they were served on September 18, 2020. *See* Doc. 16 and 20.

Plaintiff's Complaint asserts federal claims against Rankin County, Mississippi and Sheriff Bryan Bailey relating to Plaintiff's fear of contracting COVID-19 while incarcerated in the Rankin County Jail. *See* Doc. 1, at 19-20. Plaintiff admits that (1) his claims accrued while he was incarcerated in the Rankin County Jail, (2) the Rankin County Jail has a grievance procedure, and (3) he did not file a grievance with the Rankin County Jail concerning the facts relating to his Complaint. *Id.*, at 28-30. Plaintiff stated the reason for his failure to comply with the Rankin County Jail grievance procedure is that "the situation arose very quickly." *Id.*, at 32. Plaintiff further asserts that he "spoke to staff" and had his "loved ones call the Jail and express concern for [his] health and safety." *Id.*

In the instant Motion, Defendants argue that Plaintiff's concession in his Complaint that he failed to exhaust the administrative grievance procedure at the Rankin County Jail before filing this case necessitates dismissal because Plaintiff has failed to state a claim upon which relief can be granted.

## II.   Standards

The Court must dismiss a complaint when the action "fails to state a claim on which relief may be granted." Fed. R. Civ. P. 12(b)(6). "Although exhaustion of administrative remedies is an affirmative defense, normally to be pled by a defendant, the Court may dismiss a *pro se* prisoner case if failure to exhaust is apparent on the face of the pleadings." *Lewis v. Doe I*, No. 1:18cv363-LG-RHW, 2019 WL 8500864, at 1 (S.D. Miss. Nov. 27, 2019) (citing *Carbe v. Lappin*, 492 F.3d

325, 328 (5th Cir. 2007)), *report and recommendation adopted*, No. 1:18cv363-LG-RHW, 2020 WL 703696 (S.D. Miss. Feb. 12, 2020).

Under the PLRA, Plaintiff's claims must be dismissed if he has failed to exhaust available administrative remedies before filing suit.

> Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).
>
>> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> 42 U.S.C. § 1997e(a). *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (holding "proper exhaustion of administrative remedies is necessary"). The Fifth Circuit takes a "strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. App'x. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Dismissal is appropriate where an inmate has failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement - the grievance process must be carried through its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358.

*Dahl v. Fisher*, Civil Action No. 1:16-cv-82-RHW, 2016 WL 7335645, at 2 (S.D. Miss. Dec. 16, 2016).

"Proper exhaustion is determined by reference to the state grievance procedures." *Patterson v. Stanley*, 547 F. App'x 510, 511 (5th Cir. 2013) (citing Woodford, 548 U.S. at 217-218). Pursuant to Miss. Code Ann. § 47-5-801, the Mississippi Department of Corrections ("MDOC") has established a two-step Administrative Remedy Program ("ARP") that prisoners

must exhaust prior to filing suit under the PLRA. *Carroll v. Lee*, Civil Action No. 4:16-cv-157-MPM-RP, 2017 WL 2704121, at 3 (N.D. Miss. June 22, 2017). "The two-step ARP process begins when an inmate first submits his grievance in writing to the prison's legal claims adjudicator within thirty days of the incident." If the inmate is dissatisfied with the response, "he may continue to the Second Step by completing an appropriate ARP form and sending it to the legal claims adjudicator." *Id.* (citing *Howard v. Epps*, No. 5:12-cv-61-KS-MTP, 2013 WL 2367880, at 2 (S.D. Miss. May 29, 2013)).[1] "If the inmate is unsatisfied with that response, he may file suit in state or federal court." *Id.*

## III.   Analysis

Plaintiff's claims against Defendants Rankin County, Mississippi and Sheriff Bryan Bailey fail to state a claim on which relief may be granted because Plaintiff neglected to exhaust the administrative grievance procedure at the Rankin County Jail before filing this suit in federal court.

Plaintiff admits in his Complaint that the Rankin County Jail has an administrative grievance procedure for inmates to exhaust prior to filing a PLRA complaint. Doc. 1, at 28. Plaintiff further admits that he made no attempt to file a grievance with the Rankin County Jail before filing suit. *Id.* Plaintiff's admission triggers dismissal under Federal Rule of Civil Procedure 12(b)(6), consistent with the Court's prior rulings on the grievance procedure at the Rankin County

---

1. The ARP process is set forth in the MDOC Inmate Handbook, which is available at http://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf. The Court may take judicial notice of MDOC's Inmate Handbook. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see, e.g.*, *Smith v. Polk Cty., Fla.*, No. 805-cv-884-t-24, 2005 WL 1309910, at 3 (M.D. Fla. May 31, 2005) (taking judicial notice of inmate handbook and grievance procedures stated therein).

Jail. *See e.g., Naquin v. Rankin County Jail*, No. 3:15-cv-804-JCG [Doc. 36] (S.D. Miss. Mar. 3, 2017); *Jordan v. Jones*, No. 3:15-cv-717-CWR-FKB [Doc. 34] (S.D. Miss. May 19, 2016), *report and recommendation adopted*, No. 3:15-cv7-17-CWR-FKB [Doc. 38] (S.D. Miss. Sept. 12, 2016); *Riddle v. Bailey*, No. 3:13-cv-328-FKB, 2014 WL 2013358 (S.D. Miss. May 16, 2014); *Smith v. Bounds*, No. 3:12-cv-173-LRA, 2013 WL 4773935, at 4-6 (S.D. Miss. Sept. 4, 2013).

Plaintiff also admits he was aware of the grievance procedure at the Rankin County Jail but failed to file a grievance because "the situation arose very quickly." Doc. 1, at 32. Plaintiff asserts his grievances were expressed verbally by speaking to staff and having family call the jail. *Id*. Under a similar factual scenario, the Fifth Circuit declined to create a "'special circumstances' exception" to the PLRA exhaustion requirement. *Valentine v. Collier*, 956 F.3d 797, 805 (5th Cir. 2020). According to the Valentine Court, such a "'special circumstances' exception" would revive the prior version of 42 U.S.C. § 1997e(a) and would be inconsistent with the requirements of the PLRA. *Id*. (*citing Ross v. Blake*, 136 S. Ct. 1850, 1859, 195 L. Ed. 2d 117 (2016)). Plaintiff's excuse that "the situation arose very quickly" is not a recognized exception to the exhaustion requirement of the PLRA.

Plaintiff has not filed a response to Defendant's Motion to Dismiss [21], nor has Plaintiff provided information to supplement or contradict the facts Plaintiff alleged in his Complaint.

The undersigned finds that Plaintiff failed to exhaust the administrative grievance procedure at the Rankin County Jail before filing this suit in federal court. Thus, the undersigned recommends Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted.

### IV.    Recommendation

*Defendant's Rule 12(b)(6) Motion to Dismiss Premised on Plaintiff's Failure to Exhaust Grievance Procedure* [21] should be GRANTED. Plaintiff failed to exhaust the administrative grievance procedure at the Rankin County Jail. Therefore, Plaintiff's claims fail to state a claim upon which relief may be granted. The undersigned recommends dismissal of this action and that such dismissal count as a "strike" under the "three strikes rule" in accordance with the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(g).

### Notice of Right to Appeal/Object

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. § 636(b)(1), any party may serve and file written objections to the proposed findings and recommendations within fourteen days after being served a copy of this recommendation. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, except under grounds of plain error. *Douglass v. United Servs. Auto. Ass'n., 79 F.3d 1415, 1428-29* (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

SO ORDERED this the 13th day of August, 2021.

                                                     /s/ LaKeysha Greer Isaac
                                                    UNITED STATES MAGISTRATE JUDGE